IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 23-cv-02789-RMR

ZACHARY MANCHAS,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,
JOSEPH STEWART, in his individual capacity,
SELENA BIBIANA FAILE, in her individual capacity,
MIA SANCHEZ, in her individual capacity, and
JASON SIMMONS, in his individual capacity,

    Defendants.

## ORDER

This matter is before the Court on Defendants City and County of Denver, Joseph Stewart, Mia Sanchez, Jason Simmons, and Selena Bibiana Faile (collectively, "Defendants") Motion to Bifurcate Trial and Stay Certain Discovery, ECF No. 39. The Motion is fully briefed. For the reasons stated below, the Motion is DENIED.

### I.    BACKGROUND[1]

On June 12, 2022, Plaintiff Zachary Manchas ("Plaintiff") was leaving a bar in downtown Denver when he observed Denver Police Officers pull over a vehicle driven by a person of color. Officer Bibiana Faile and Officer Stewart immediately pointed their guns

---

[1] The factual background of this action is discussed at length in the Recommendation of the United States Magistrate Judge on the Defendants' motions to dismiss. *See* ECF No. 56, accepted and adopted at ECF No. 58. The Court briefly discusses the background as relevant to this order.

at the driver and began screaming directives. Concerned about the escalating and aggressive nature of the interaction—and suspecting the officers' actions were race-based—Plaintiff began filming the arrest on his phone. In addition to filming, Plaintiff immediately began to criticize Officer Stewart's and Officer Bibiana Faile's tactics, including their decision to point their weapons at a vehicle in the middle of a crowded street. The interaction between Plaintiff and the officers continued until Officers Stewart and Bibiana Faile arrested Plaintiff and took his phone. Officers Simmons and Sanchez were also on-scene and assisted in Plaintiff's detention. Plaintiff was charged with interference and spent the night in jail. Months later, the charges against Plaintiff were dismissed.

On October 25, 2023, Plaintiff initiated this action. Plaintiff's Second Amended Complaint asserts various 42 U.S.C. § 1983 and state law claims against the City and County of Denver (the "City of Denver") and City of Denver Police Officers Stewart, Bibiana Faile, Sanchez, and Simmons (the "Individual Defendants"). *See* ECF No. 45. Plaintiff alleges § 1983 claims for violation of his First and Fourth Amendment rights, as well as state law claims pursuant to C.R.S. § 13-21-131, against the Individual Defendants. Plaintiff asserts § 1983 municipal liability (or "*Monell*") claims against the City of Denver, arguing that the City of Denver has a custom, practice, or policy of committing First and Fourth Amendment violations against individuals who film or criticize the police and fails to adequately train and supervise its officers.

On February 2, 2024, the Defendants filed the present motion, seeking an order bifurcating the trial of Plaintiff's constitutional and state law claims against the Individual

2

Defendants from the municipal liability claims against the City of Denver. ECF No. 39. Defendants also seek a stay of Plaintiff's municipal liability claims for the pendency of the underlying case. *Id.*

The Individual Defendants and the City of Denver also filed separate motions to dismiss. ECF Nos. 26, 28. On April 22, 2024, the Court adopted Magistrate Judge Varholak's recommendation that both motions to dismiss be denied. ECF Nos. 56, 58.

## II.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more issues, claims, crossclaims, and counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Although the trial court has discretion to order separate trials, that does not mean that severance is the norm or even a common occurrence. *See, e.g.*, Fed. R. Civ. P. 42(b) advisory comm. notes (noting that bifurcation should not be "routinely ordered," but "it is important that it be encouraged where experience has demonstrated its worth"); 8 MOORE'S FEDERAL PRACTICE, § 42.40[4][a] at 42-46 (Matthew Bender 3d ed. 2010) ("[I]t should be noted that bifurcation and separate trials are not the normal course of events, and a single trial will usually be more expedient and efficient."). Indeed, "[b]ifurcation is the exception; not the rule." *L-3 Comms. Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 382 (S.D.N.Y. 2005).

"[T]he presumption is that the [non-movant] ... should be allowed to present [its] case in the order [it] chooses. The burden is on the [movant] to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen

the delay, expense and inconvenience to all parties." *Engen v. Colorado Mills Mall Ltd. P'ship*, No. 09-CV-01281-REB-KLM, 2010 WL 2232422, at *1 (D. Colo. May 28, 2010) (quoting *Patten v. Lederle Laboratories*, 676 F. Supp. 233, 238 (D. Utah 1987)). Separation must further the goals of Rule 42(b); the parties' desire to proceed in a certain order is not paramount. *See York v. AT&T*, 95 F.3d 948, 957–58 (10th Cir. 1996) ("Such decisions [on bifurcation] must be made with regard to judicial efficiency, judicial resources, and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury."). Further, severance under Rule 42(b) should not prejudice one party. *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).

In determining whether to grant a stay of discovery, courts consider the following factors: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *3 (D. Colo. March 30, 2006).

### III.   ANALYSIS

Defendants argue that that bifurcation and a stay of discovery on Plaintiff's municipal liability claims is warranted because: (1) bifurcation will preserve judicial convenience and economy; (2) plaintiff's claims against the Individual Defendants are separable from his municipal liability claims; and (3) bifurcation is necessary to avoid undue prejudice to the Individual Defendants.

Courts in this District have confronted motions for bifurcation and stay of discovery on municipal liability claims under similar circumstances. In most instances, this District has declined to bifurcate. *See, e.g.*, *Parmar v. City of Aurora, Colorado*, No. 20-CV-2801-WJM-NRN, 2021 WL 1662719, at *1 (D. Colo. Apr. 28, 2021); *Est. of Melvin by & through Melvin v. City of Colorado Springs, Colorado*, No. 20-CV-00991-CMA-KMT, 2021 WL 50872, at *1 (D. Colo. Jan. 5, 2021); *Valdez v. Motyka*, No. 15-CV-0109-WJM-STV, 2020 WL 3963717, at *1 (D. Colo. July 13, 2020). As Judge Arguello observed in *Melvin*, bifurcation of these type of actions "is uncommon in this jurisdiction." 2021 WL 50872, at *1.

Despite the trend against bifurcation in this jurisdiction, Defendants support their argument with a single case from this District where the court granted a motion to bifurcate. *See Talley v. City & Cnty. of Denver*, No. 16-CV-02327-JLK, 2021 WL 5514592, at *1 (D. Colo. Jan. 29, 2021). Defendants' reliance on *Talley* is misplaced. In that case, the procedural posture was a crucial factor in Judge Kane's decision to bifurcate. In granting the motion, Judge Kane noted that discovery had already been completed, and stated that he "likely would not have granted bifurcation at any earlier point in time." *Id.* at *3. Judge Kane also ensured there would be minimal delay by requiring the parties to prepare for both cases simultaneously and setting the trials in succession. *Id.* Here, discovery is ongoing, and the parties have sought and received multiple discovery extensions. Thus, the rationale of *Talley* undermines, rather than supports, Defendants' argument for bifurcation.

After considering the parties' arguments, the Court is not persuaded that bifurcation and a stay of discovery is warranted in this case. First, the Court does not find that bifurcation will meaningfully promote judicial convenience and economy. Rather, "[b]ifurcation of Plaintiff's individual and municipal liability claims would allow the case to languish on the Court's docket, potentially for years, and would be inconsistent with the Court's obligation to oversee 'the just, speedy, and inexpensive determination of every action and proceeding.'" *Melvin*, 2021 WL 50872 at *2 (citing Fed. R. Civ. P. 1). And although the municipal liability claims broaden the scope of discovery, the Court does not find that this results in substantial inefficiency or inconvenience to the Court. To the contrary, "staying discovery on the *Monell* claims would merely substitute some discovery disputes for others; disputes concerning which discovery requests relate to the individual versus municipal liability claims would follow an order granting Defendants' Motion." *Melvin*, 2021 WL 50872 at *2.

Second, while it is true that the individual and municipal liability claims have different legal standards and different evidentiary requirements, the claims are not so unrelated or separable as to require bifurcation. Plaintiff's theory of municipal liability is straightforward and closely connected to Plaintiff's individual liability theories against the Individual Defendants. At issue here are the Individual Defendants' actions and the City of Denver's policies and training regarding those actions. Thus, there will be substantial overlap in the evidence and witnesses necessary for both sets of claims. *See Parmar v. City of Aurora, Colorado*, 2021 WL 1662719, at *2 ("Bifurcation in this case, where there is close connection and overlap between the individual and entity liability claims, would

6

be costly, waste time, and result in duplicative litigation."); *Valdez v. Motyka,* 2020 WL 3963717, at *1 (finding bifurcation is not warranted where the plaintiff was "limited to two *Monell* theories (which are arguably a single theory), and the evidence with which he may pursue those theories is relatively straightforward, not voluminous" and were "closely connected to his individual liability theory against [Plaintiff].").

Further, Defendants' argument that bifurcation is appropriate because a finding of municipal liability against the City of Denver is dependent on an underlying finding of a constitutional violation by the Individual Defendants has been rejected by another court in this District. *See McClain*, 2021 WL 307505, at *2. ("Defendants' contention that an underlying constitutional violation by one of the individual Defendants is required in order to impose municipal liability on the City of Aurora is not an accurate reflection of the law."). While it is generally the case that "there must be a must be a constitutional violation, not just an unconstitutional policy, for a municipality to be held liable," this is not always true. *See, e.g.*, *Crowson v. Washington Cty. Utah*, 983 F.3d 1166, 1191 (10th Cir. 2020); *Garcia v. Salt Lake County*, 768 F.2d 303 (10th Cir. 1985). The parties dispute whether that is the case here. At this stage, however, the Court does not find it appropriate to bifurcate on the mere possibilities that (1) the Individual Defendants are not found liable and (2) that such a finding forecloses a finding of municipal liability against the City of Denver.

Finally, the Court does not find that bifurcation would cause undue prejudice to the Individual Defendants. The Individual Defendants are concerned that they would be prejudiced by the admission of evidence related to the municipal liability theories but

7

unrelated to the individual liability theories. Specifically, the Individual Defendants worry about the admission of evidence of unrelated arrests of other individuals, the Officers' conduct during unrelated uses of force, and DPD training and policies. But these risks can be mitigated by the use of jury instructions and verdict forms. *See Melvin*, 2021 WL 50872 at *3 ("[T]o the extent that Defendants may be prejudiced by jurors confusing or conflating issues, such prejudice can be mitigated through the jury instructions and verdict form."); *Taylor v. Workman*, 554 F.3d 879, 893 (10th Cir. 2009) ("Jurors are presumed to follow their instructions."). On the other hand, Plaintiff would be prejudiced by having to spend years on one trial only to potentially restart the process for the second. *See Melvin*, 2021 WL 50872, at *3 ("Plaintiff has an interest in expeditiously proceeding with discovery on the municipal liability claims and would be prejudiced by an indefinite stay of that discovery."); *McClain*, 2021 WL 307505, at *5 ("Plaintiffs have a powerful interest in avoiding an open-ended, indefinite stay and proceeding expeditiously with their case.")

## IV.   CONCLUSION

For the reasons stated above, it is ORDERED that Defendants' Motion to Bifurcate Trial and Stay Certain Discovery, ECF No. 39, is DENIED.

DATED:  May 21, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge